141 F.3d 1173
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Danny ABEYTA, et al., Plaintiffs-Appellants,
v.
PHELPS DODGE MORENCI, INC., a corporation authorized to do
business in Arizona, Defendant-Appellee.
 No. 97-15839.
D.C. No. CV-95-0353-RGS.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1998.
Decided March 26, 1998.
 
 1
 Appeal from the United States District Court for the District of Arizona, Roger G. Strand, District Judge, Presiding.
 
 
 2
 Before CHOY and REINHARDT, Circuit Judges, and RESTANI, United States Court of International Trade Judge.**
 
 
 3
 MEMORANDUM*
 
 Introduction
 
 4
 Plaintiffs-Appellants Danny Abeyta and other employees appeal the district court's grant of summary judgment in favor of their employer, Defendant-Appellee Phelps Dodge Morenci, Inc. ("Phelps"). Appellants argue that the district court erred in denying them compensation pursuant to the "custom or practice" exception of the Portal-to-Portal Act.
 
 
 5
 We AFFIRM.
 
 Factual Background
 
 6
 Appellants are present and past employees of Phelps which operates a large copper mine in Arizona. The mine consists of three open pits--Morenci Pit, Metcalf Pit, and West Expansion Pit.
 
 
 7
 Prior to March 15, 1993, Appellants were required to report to a "line-up" area near the Morenci mine office. To get there, Appellants would park in an employee parking lot outside the main gate. After parking their personal vehicles, Appellants would walk to their line-up area to receive work assignments and a safety talk. After the line-up, Appellants were transported in company vans to various work sites located throughout the mining complex. Appellants were paid from the start of their line-up.
 
 
 8
 After March 15, 1993, Phelps moved the line-up area for Appellants from the Morenci area to the Metcalf shop area approximately 4.6 miles away. This change was made to accommodate the shift in mining operations from the Morenci Pit to the Metcalf Pit.
 
 
 9
 Phelps has not provided an access road for Appellants to reach the new line-up area on their own, allegedly because of safety concerns. Instead, Appellants are required to report to the original line-up area near the Morenci office. There, they board a company bus which transports them to the Metcalf area where they participate in the same line-up procedure. The bus ride takes approximately 15 minutes, and Appellants are not paid for this travel time. Thus, Appellants seek compensation for the time spent riding the company bus from the old to the new line-up area.
 
 Analysis
 
 10
 The parties agree that the time in question is governed by the Fair Labor Standards Act of 1938, 29 U.S.C. § 216, as amended by the Portal-to-Portal Act of 1947, 29 U.S.C. § 251 et seq. The Act provides that employees are not entitled to compensation for travel to and from their place of principal activity as well as for other preliminary or postliminary activities. See 29 U.S.C. § 254(a). However, an employer shall not be relieved under subsection (a) for any activity which is compensable by "custom or practice." Id. at § 254(b).
 
 
 11
 In this case, Appellants assert a custom or practice of compensating them for travel to and from their reporting location (Morenci area). Although Phelps has now moved the line-up to the Metcalf area, the reporting location for Appellants remains the Morenci area. Therefore, Appellants argue that compensable time should still begin once they report to the Morenci area, regardless of their new line-up location.
 
 
 12
 However, we agree with the district court's finding that payment for travel time from the reporting area is not an established custom or practice. Phelps has a custom or practice of compensating all employees, including Appellants, from the commencement of their shift at the line-up area, not for any time spent traveling on company property to their line-up area.
 
 
 13
 Appellants concede that no other Phelps' employees receive compensation for travel to their respective line-up locations. Instead, they argue only that the custom or practice regarding other employees is not relevant to Appellants' case. Yet the policy with respect to other employees provides a context for clarifying the custom or practice with respect to Appellants. Since no other employees receive compensation for time spent traveling to their line-up, it would be inconsistent to find a custom or practice of compensating Appellants simply because their line-up area is different from their reporting location.
 
 
 14
 Appellants rely on the fact that, unlike other employees, they are transported by company vehicle to their line-up area. Had Phelps found it feasible to build an access road from the Morenci area to the Metcalf area and required Appellants to report to the latter location on their own, there would be no dispute over the pertinent custom or practice. In that situation, Appellants' reporting area would be the same as their line-up area, like other employees.
 
 
 15
 Simply because Appellants are now provided company transportation to their line-up does not entitle them to capitalize on that transportation. Phelps has never compensated employees for travel time to their line-up area. For example, when the line-up was near the Morenci area, Appellants had to walk there from the parking lot. They did not demand compensation for this travel time. Now that the line-up has moved to the Metcalf area, Appellants are no more entitled to compensation for travel time there by virtue of the fact that they now ride in a company bus.
 
 
 16
 Judge Reinhardt concurs in the result.
 
 
 17
 AFFIRMED.
 
 
 
 **
 Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3